UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Vectair USA, LLC. | ) |
| Plaintiff | ) |
| v | ) |
| Community Bancshares, Inc. | ) |
| Community Bank | ) |
| Ford More, Executive Vice Present | ) |
| Mike Webb President and CEO | ) |
| et al | ) |
| Defendants | |

**COMPLAINT**

1. **PARTIES**
2. Plaintiff;
    a. Vectair USA, LLC, is a Mississippi Limited Liability Companies, licensed to do business in Mississippi with principal place of business at 11299 Airport Rd, Olive Branch, MS. 38654.
    b. Ken Hammerton is the majority member of Vectair USA, LLC and has complete authority to act on behalf of each company.
3. Defendants;
    a. Community Bancshares, Inc; Holding company for various Community Bank branches in four states including Tennessee, Mississippi, Florida, and Alabama. Licensed and operated under State and Federal Banking Laws. Headquarters address: 1255 W. Government St. Brandon, Mississippi 39042
    b. Ford Moore, Executive Vice President, Community Bank; Address: 6465 North Quail Hollow Road, Suite 100. Memphis, TN 38120. Phone. Office (901) 309-3753.
    c. Mike Webb, President and CEO Community Bank; Address: 1317 North Gloster Street, Tupelo, MS 38804

4. **JURISDICTION – DIVERSITY**
5. Vectair USA, LLC is a Mississippi Limited Liability Company, licensed to do business in Mississippi. Ken Hammerton is a resident of Tennessee.
6. Community Bank has branch offices is four states and is regulated by state and federal laws.

7. **JURISDICTION – SUBJECT MATTER**
8. Issues arise from an agreement reached Vectair USA and Community Bank during Vectair's chapter 11 bankruptcy filed in the US DISTRICT COURT WESTERN DISTRICT OF TENNESSEE Case Number 11-22278JDL Dated 7/20/12. Under Section 3.2 Class 2 – Allowed Secured Claim of Community Bank.
9. Additionally, potential violations exist with state and federal banking laws, Truth-in-Lending statutes and consumer protection acts.

10. **VENUE**
11. The US District Court of Western Tennessee is proper venue because:
    a. Vectair's bankruptcy was filed with this court,
    b. the re-organization agreement, between the parties, was approved by this court.
    c. Conduct by agents of Community Bank occurred in Shelby County Tennessee.

## 12. CAUSE of ACTION No 1

13. Tort of Conversion:
14. Community Bank willfully, wantonly, maliciously converted Vectair chattel that substantially interfered with Vectair's use of that chattel without consent or privilege. Community Bank exercised dominion and control over such chattel at the detriment of Vectair.
15. According to Executive Vice President, Ford Moore, payments made by Vectair, were intentionally misdirected for the banks' own benefit. This intentional conduct substantially interfered with Vectair's interests.
16. Damages – General
17. General damages are assumed without being proving including pain and suffering, lost value of chattel.
18. Damages – Special

19. Vectair's loss of use of chattel for its intended purpose of debt reduction on the specific loan agreement reached in the bankruptcy filings. The dollar amount of damage remains to be determined.
20. Damages – Punitive
21. Punitive damages are appropriate here due to the willful, wonton, and malicious conduct of Community Bank.  Community Bank, et al, is regulated by state and federal banking laws, various statutes and acts. They are held to the highest standard of consumer trust. Community Bank's conduct, to this consumer, was intentional, and malicious, designed to punish Vectair for their legal bankruptcy claim and benefit Community Bank by misdirecting funds thereby extending Vectair's liability.  Community Bank reported asset value of 2.8 billion dollars. Vectair seeks punitive damages of 10% of that value or 28 million dollars.

## 22. CAUSE of ACTION No 2

23. Tort – Trespass to Chattel:
24. Vectair USA made payments to Community Bank for the purpose of loan reduction on borrowed money. Prior to the application of such payments, Vectair retained rightful possession of this chattel (money). Community Bank invaded Vectair's chattel interest by the dispossession of the chattel when they applied all or part of the payment(s) to other use.
25. Damages – Actual:
26. Loss of use of the chattel for its intended purpose.
27. Damages – Punitive:
28. Punitive damages are appropriate here due to the willful, wonton, and malicious conduct of Community Bank.  Community Bank, et al, is regulated by state and federal banking laws, various statutes and acts. They are held to the highest standard of consumer trust. Community Bank's exercise of dominion and control over Vectair's property, was intentional, and malicious, designed to punish Vectair for their legal bankruptcy claim and benefit Community Bank by misdirecting funds thereby extending Vectair's liability.  Community Bank reported asset value of 2.8 billion dollars. Vectair seeks punitive damages of 10% of that value or 28 million dollars.

### 29. CAUSE of ACTION No 3

30. Breach of Contract
31. The agreement reached in the Vectair's Chapter 11 re-organization bankruptcy, has yet to be accomplished by Community Bank. The agreement included combining the multiple loans into one loan with 4% interest. No monthly statement or accounting has been provided. When recent inquires were made as to the loan balance, Ford Moore, Executive Vice President, told Ken Hammerton that interest was applied to others loans that Vectair was liable for including Community Bank's lost interest during the Chapter 11 re-organization.
32. Damages – General
33. Damages that flow naturally from the breach include: the lost value of payments made to Community Bank. Expenses related to Vectair's accounting of the loan. Tax implications. Pain and Suffering.
34. Damages – Special
35. Actual dollar amount is to be determined.
36. Damages – Punitive
37. Punitive damages are generally not available for breach of contract however, Community Bank, et al, is regulated by state and federal banking laws, various statutes and acts. They are held to the highest standard of consumer trust. The breach of their promise, to this consumer, was intentional, and malicious, designed to punish Vectair for their legal bankruptcy claim and benefit Community Bank by misdirecting funds thereby extending Vectair's liability. Community Bank reported asset value of 2.8 billion dollars. Vectair seeks punitive damages of 10% of that value or 28 million dollars.

Respectfully Submitted by

*/s/ Ken Hammerton*

Ken Hammerton

Member of Vectair USA, LLC,

Acting in Pro Se

901-351-6311

11299 Airport Rd
Olive Branch, MS 38654