IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| VECTAIR USA, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) |
| COMMUNITY BANCSHARES, | ) |
| COMMUNITY BANK, | )  Case No. 2:16-cv-02911-JTF-cgc |
| FORD MOORE, | ) |
| And MIKE WEBB, | ) |
| | ) |
|     Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is the Defendants Community Bank, Ford Moore, and Mike Webb's Motion to Dismiss or Alternatively for A More Definite Statement that was filed on December 5, 2016. (ECF No. 10). On January 25, 2017, Plaintiff filed a Response. (ECF No. 14). Upon review, this Court finds that the Defendants' Motion to Dismiss should be Granted.

### I.   STATEMENT OF FACTS

Plaintiff Vectair USA, LLC, ("Vectair"), has an outstanding loan with Defendant Community Bank. Vectair established a Chapter 11 reorganization plan with Community Bank and his other creditors. *In re Vectair*, No. 11-22278 (W.D. Tenn Bankr. Mar 4, 2011). Pursuant to the reorganization plan, Vectair's multiple outstanding loans with Community Bank were consolidated into one loan. Upon the agreement of creditors to Plaintiff's plan, Vectair emerged from bankruptcy on or about September 2012. After a short "stay" of loan payments to Community Bank during the reorganization period, Vectair resumed making payments in October 2012, believing that all the money was to be applied to the new loan.

Disagreement arose between Plaintiff and Defendants over how Community Bank applied credits and payments to Vectair's loan. Ken Hammerton, Vectair's owner, requested that the bank clarify how the payments on the loan were being applied. Vectair alleges that Community Bank was not properly applying the loan payments to the reorganized loan but instead directing it to alleged losses the Bank experienced during the bankruptcy proceedings. On November 21, 2016, Plaintiff filed a Complaint alleging claims of conversion, trespass to chattel, and breach of contract.

## II.  LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs, Inc.*, 550 F.3d 516, 519 (6th Cir. 2008). A plaintiff must provide a short and plain statement of the claim showing an entitlement to relief and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

When determining whether to grant a motion to dismiss pursuant to Rule 12(b)(6), the Court will construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Detailed factual allegations are not required. However, a party must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A complaint must contain sufficient facts "to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A formulaic recitation of the elements of a cause of action supported by legal conclusions couched as factual allegations is not sufficient to overcome a 12(b)(6) motion. *Twombly*, 550 U.S. at 555. Such recitals are not subject to the presumption of truth. *Id.* The *Twombly/Iqbal* standard requires the trial court to scrutinize and weigh the facts to determine if they present a plausible claim. If the court determines, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleadings stage. *Iqbal*, 556 U.S. at 679.

### III.   ANALYSIS

Defendants assert that Plaintiff's claim should be dismissed for three reasons: 1) Vectair cannot be represented *pro se* by Hammerton; 2) Vectair has not properly pleaded diversity jurisdiction; and 3) the District Court does not have jurisdiction to interpret or enforce Vectair's Chapter 11 bankruptcy plan.

This Court cannot proceed on the issue of jurisdiction, because Plaintiff has yet to acquire licensed legal counsel. Under 28 U.S.C. § 1654, parties are allowed to plead and conduct their own cases personally or by counsel. However, this provision only applies to individual parties. A corporate officer or member may not represent his corporation in federal court. *United States v. Acres of Land, More or Less, in Marquette County, Mich.*, 416 F.2d 1244, 1245 (6th Cir. 1969). A corporation may only appear in federal court through licensed counsel. *Roland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). Limited liability companies cannot be represented *pro se* by their members or managers. *Wilson v. Acadia Dermatology, PLLC*, No. 1:11-cv-00069, 2011 WL 3651779, at *1 (M.D. Tenn. Aug. 18, 2011).

Mr. Hammerton, who owns Vectair, is not a licensed attorney and has yet to retain legal counsel to represent Vectair in this matter, even though he was directed by the Court to do so.

(ECF No. 17.) The record shows that Mr. Hammerton filed the Complaint on behalf of Vectair as a "Member of Vectair, USA, LLC" and "Acting in Pro Se." (ECF No. 1.) Mr. Hammerton, as a member/manager for Vectair, cannot represent Vectair in this proceeding. Without representation by a licensed attorney, Plaintiff does not have standing to proceed in federal court.

## CONCLUSION

Accordingly, the Court finds Defendants' 12(b)(6) Motion to Dismiss Plaintiff's Case for Failure to State a Claim is Granted and the case Dismissed without prejudice. The Defendants' Motion for a More Definite Statement is rendered Moot.

**IT IS SO ORDERED** on this the 18th day of September, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR
UNITED STATES DISTRICT JUDGE